USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
IN RE:                                                       :
                                                             :         14-MD-2548 (VEC)
COMMODITY EXCHANGE, INC., GOLD                               :         14-MC-2548 (VEC)
FUTURES AND OPTIONS TRADING                                  :
LITIGATION                                                   :         **ORDER NO. 1**
                                                             :
*This Document Relates to All Actions*                       :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

Because the civil actions listed on Schedule A, attached hereto -- which were transferred to this Court by the August 13, 2014 Order of the Judicial Panel on Multidistrict Litigation ("JPML") (Dkt. 1; MDL Dkt. 112), or subsequently consolidated with the multidistrict litigation ("MDL") -- merit special attention as complex litigation, it is hereby ORDERED that:

I. **APPLICABILITY OF THIS ORDER**

The provisions of this Order shall govern the practice and procedure in: (1) those actions transferred to this Court by the JPML pursuant to its August 13, 2013 Order; (2) all related actions against the Bank of Nova Scotia, Scotiamocatta, Scotia Capital (USA) Inc., Barclays Bank PLC, Barclays Capital Inc., Barclays PLC, Deutsche Bank, AG, Deutsche Bank Securities, Inc., HSBC Holdings PLC, HSBC USA, Inc., Société Générale, Société Générale S.A., SG Americas Securities, LLC, the London Gold Market Fixing Ltd., or any combination thereof, alleging anticompetitive behavior or violations of the Commodities Exchange Act, that were filed in the Southern District of New York and have previously been or will be transferred to MDL-2548; and (3) any "tag-along" actions later filed in, removed to, or transferred to this Court. The Clerk will send a copy of this Order to counsel for any plaintiffs or newly-named defendants in any case newly-filed or transferred to this Court. This Order vacates any case management or scheduling order issued prior to the transfer of a case to MDL-2548.

## II. CONSOLIDATION

The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along" actions later removed to or transferred to this Court, or directly filed in the Southern District of New York, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

## III. CAPTION

All orders, pleadings, motions, and other documents served or filed in MDL-2548 shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
IN RE:

COMMODITY EXCHANGE, INC., GOLD FUTURES
AND OPTIONS TRADING LITIGATION

14-MD-2548 (VEC)

*This Document Relates To ["All Actions" or specify by title and case number the individual applicable cases if the document relates to less than all of the consolidated cases]*
-----------------------------------------------------------------------x

## IV. FILING AND SERVICE OF DOCUMENTS

All counsel are required to register for and participate in this Court's CM/ECF filing system. This system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties. Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be filed in accordance with the Southern District of New York's Local Rules, the Southern District

of New York's ECF Rules and Instructions, and this Court's Individual Practices for Civil Cases. The Court will serve all orders through the ECF system.  Plaintiffs' interim lead counsel shall be responsible for providing copies of any order, pleading, motion, letter, or other document to any party/counsel who does not receive service of the order through the ECF system, until the appointment of permanent class counsel.  For assistance with the ECF filing system, counsel should contact the Court's help desk at (212)805-0800.

V. **Appearances and Motions to Appear Pro Hac Vice**

All counsel who appeared in a case filed in the Southern District of New York and listed on Schedule A prior to the Transfer Order need not enter a new notice of appearance or submit a new *pro hac vice* application to practice before this Court.  All counsel who did not appear in a related action prior to the Transfer Order are directed to enter a notice of appearance on 14-MD-2548.

Attorneys who are in good standing in each state in which they are a member of the bar and who are admitted to practice in any U.S. District Court may be admitted *pro hac vice* in this litigation, without the need to associate local co-counsel.  Motions to appear *pro hac vice* must be filed online using the Court's CM/ECF system; any such motion should be filed in the MDL docket (14-MD-2548) and spread to all cases in which the attorney appears.  Instructions can be found at http://www.nysd.uscourts.gov/pro_hac.php.

VI. **MASTER CASE FILE**

In the Court's view, a master case file limited to filings of significance to the MDL as a whole or a substantial number of member cases would be advantageous.  Accordingly, the Clerk of the Court is respectfully directed to open a master case file bearing docket number 14-MC-2548.  Any filing fees associated with opening the master case file docket are waived.  The caption shall read "In re: Commodity Exchange, Inc., Gold Futures and Options Trading

Litigation." For administrative purposes only, in 14-MC-2548, Plaintiffs shall be listed as "London Gold Fixing Plaintiffs" and Defendants shall be listed as "London Gold Fixing Defendants." There will be no appearances entered unless and until the Court orders otherwise.

The master case file will be limited to the Court's case management orders and other orders of significance and substantive filings by the parties that relate to all action (e.g. master pleadings, motion papers). It will not include *pro hac vice* motion papers, the Court's standing orders, conditional transfer orders, notices of appearance, or similar documents. Parties should file documents on the master case file (in addition to, not in lieu of, the MDL docket), **if and only if** they are (1) **master pleadings** that apply to most or all member cases; (2) **substantive motions** that apply to most or all member cases; or (3) directed to do so by the Court. If counsel is uncertain about whether to file something on the master case file, counsel should call Chambers to inquire. Papers filed inappropriately will be stricken from the docket.

The Clerk of the Court is respectfully directed to transfer Docket No. 1 (Transfer Order) from 14-MD-2548 to 14-MC-2548, to be followed by this Order No. 1. This Order shall also be docketed in 14-MD-2548 and all matters consolidated therewith. This Order and all subsequent entries docketed in 14-MC-2548 are to be docketed simultaneously in 14-MD-2548.

## VII. <u>VACATUR OF COMPLEX CIVIL CASE PILOT PROJECT DESIGNATIONS</u>

Some member cases were previously designated for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York. Although those cases plainly qualify as complex civil cases, the Court plans to adopt case management practices and procedures based on, and tailored to, the specific circumstances of this MDL. Accordingly, the Clerk of the Court is respectfully directed to de-designate all member cases from inclusion in the Pilot Project and not to designate any cases transferred to or made part of this MDL in the future for inclusion in the Pilot Project.

## VIII. <u>APPOINTMENT OF COUNSEL</u>

To facilitate these proceedings, the Court hereby affirms that interim class counsel appointed by its July 22, 2014 Memorandum Order shall remain interim class counsel. Any counsel who anticipates seeking an award of attorneys' fees and reimbursement for expenditures from the Court shall comply with the directives contained in the MCL Fourth Section 14.213 regarding the maintenance and filing of contemporaneous records reflecting services performed and expenses incurred.

## IX. <u>STATUS CONFERENCE</u>

The Court will conduct an Initial Conference on October 2, 2014, at 4:30 p.m. in Courtroom 443 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. Counsel should check in with the Courtroom Deputy at least fifteen minutes in advance. Counsel should arrive at the Courthouse with sufficient time to clear security. Seats in the courtroom may not be reserved.

A. *Familiarity with* Annotated Manual for Complex Litigation

Counsel are expected to familiarize themselves with (1) the *Manual for Complex Litigation, Fourth Edition* ("MCL Fourth"), a copy of which is available at https://public.resource.org/scribd/8763868.pdf; (2) the Local Rules for the Southern District of New York, available at https://nysd.uscourts.gov/rules/rules.pdf; and (3) this Court's Individual Practices for Civil Cases, available at http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1024, in advance of the status conference, and to be prepared to suggest procedures that will facilitate expeditious, economical, and just resolution of this litigation.

### B. *Agenda and Pretrial Schedule*

Counsel for the parties shall confer in advance of this conference to discuss (1) a proposed agenda for the Status Conference; (2) a proposed schedule for pretrial activities, including consolidated pleadings, discovery (fact and expert), and motions; and (3) a process for the parties regularly to update the Court on the status of this MDL. Interim lead class counsel shall send the Court a letter, not to exceed five pages, by the close of business on September 26, 2014, setting forth the parties' proposals.

## X. EXTENSION AND STAY

To the extent they have not already answered, Defendants are granted an extension of time for responding to the Complaints by motion or answer until a date set by this Court. Pending the Status Conference and further orders of this Court, all outstanding discovery requests are stayed, and no further discovery requests shall be initiated. This Order does not, however, preclude voluntary discovery by any party.

## XI. DISCOVERY

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody, or control of parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include *any* physical or electronic material (including metadata) that is or may reasonably be discoverable pursuant to the Federal Rules of Civil Procedure or that serves to identify discoverable material. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.

Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of this directive.

**SO ORDERED.**

**Date: August 20, 2014**
      **New York, NY**

      **VALERIE CAPRONI**
      **United States District Judge**

## SCHEDULE A

- *Maher v. Bank of Nova Scotia*, No. 1:14-CV-1459 (S.D.N.Y.)
- *White v. Bank of Nova Scotia*, No. 1:14-CV-1634 (S.D.N.Y.)
- *DeNigris v. Bank of Nova Scotia*, No. 1:14-CV-1638 (S.D.N.Y.)
- *AIS Capital Management, L.P. v. Bank of Nova Scotia*, No. 1:14-CV-1642 (S.D.N.Y.)
- *Nalven v. London Gold Market Fixing Ltd.*, No. 1:14-CV-1644 (S.D.N.Y.)
- *White Oak Fund LP v. Barclays Bank PLC*, No. 1:14-CV-1701 (S.D.N.Y.)
- *Nicholson v. Bank of Nova Scotia*, No. 1:14-CV-1707 (S.D.N.Y.)
- *Barker v. Bank of Nova Scotia*, No. 1:14-CV-1964 (S.D.N.Y.)
- *American Precious Metals, Ltd. v. Bank of Nova Scotia*, No. 1:14-CV-2102 (S.D.N.Y.)
- *Teel v. Bank of Nova Scotia*, No. 1:14-CV-2108 (S.D.N.Y.)
- *DePaoli v. London Gold Market Fixing Ltd.*, No. 1:14-CV-2124 (S.D.N.Y.)
- *Lamborn v. Bank of Nova Scotia*, No. 1:14-CV-2134 (S.D.N.Y.)
- *Tran v. Bank of Nova Scotia*, No. 1:14-CV-2135 (S.D.N.Y.)
- *Moran v. Bank of Nova Scotia*, No. 1:14-CV-2213 (S.D.N.Y.)
- *Citra Trading Corporation v. Bank of Nova Scotia*, No. 1:14-CV-2214 (S.D.N.Y.)
- *Port 22, LLC v. Barclays Bank PLC*, No. 1:14-CV-2310 (S.D.N.Y.)
- *Alaska Electrical Pension Fund v. Bank of Nova Scotia*, No. 1:14-CV-2391 (S.D.N.Y.)
- *Markun v. Bank of Nova Scotia*, No. 1:14-CV-2550 (S.D.N.Y.)
- *Wolffe v. Bank of Nova Scotia*, No. 1:14-CV-2807 (S.D.N.Y.)
- *Diamond v. Bank of Nova Scotia*, No. 1:14-CV-2851 (S.D.N.Y.)
- *Courtiol v. London Gold Market Fixing Ltd.*, No. 1:14-CV-2948 (S.D.N.Y.)
- *Gold Buyers, Inc. v. Bank of Nova Scotia*, No. 1:14-CV-3006 (S.D.N.Y.)
- *Benedetti v. Bank of Nova Scotia*, No. 1:14-CV-3111 (S.D.N.Y.)
- *Nando, Inc. v. Bank of Nova Scotia*, No. 1:14-CV-4095 (S.D.N.Y.)
- *Murphy v. Bank of Nova Scotia*, No. 1:14-CV-5135 (S.D.N.Y.)
- *Derksen v. Bank of Nova Scotia*, No. 1:14-CV-5153 (S.D.N.Y.)
- *Young v. Bank of Nova Scotia*, No. 1:14-CV-6734 (N.D. Cal.)